UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF THE STATE NEW YORK
------------------------------------------------------------------------X
CLAUDIO ESPAILLAT,

              Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE ERICKS
RODRIGUEZ, SHIELD NO. 04675, SERGEANT
KEVIN GOGGIN, SHIELD NO. 02703, UNDERCOVER
OFFICER #7689,

              Defendants.
------------------------------------------------------------------------X

**05-CV-10104 (JGK)**

**COMPLAINT AND JURY DEMAND**

**ECF CASE**

      Plaintiff, by his attorneys TRACIE A. SUNDACK & ASSOCIATES, L.L.C. complaining of the Defendants, respectfully alleges, as follows:

## JURISDICTION

      1. This action arises under the provision of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and under federal law, particularly the Civil Rights Act, 42 USC 1981, 1983 and 1985 (2) and (3)

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST

      2. At all relevant times, Defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of NEW YORK

      3. At all relevant times, Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 were employed by the Defendant, THE CITY OF NEW YORK.

      4. At all relevant times, Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 acted within the scope of their employment for the Defendant THE CITY OF NEW YORK.

      5. At all relevant times, Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689

were assigned to the Narcotics Division Northern Manhattan.

6. On the 5th day of February, 2004 Plaintiff CLAUDIO ESPAILLAT was falsely arrested and illegally searched at or near the intersection of 135th Street and Broadway in New York, New York by Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan.

7. Plaintiff CLAUDIO ESPAILLAT was handcuffed, arrested, searched and taken into custody by the Defendant THE CITY OF NEW YORK, through its agents, servants and/or employees, including but not limited to Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan.

8. Plaintiff CLAUDIO ESPAILLAT had not committed any offense and the Defendant THE CITY OF NEW YORK through its agents, servants and/or employees, including but not limited to Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, did not have reasonable grounds or probable cause to believe that the Plaintiff CLAUDIO ESPAILLAT committed any offense.

9. The Defendant THE CITY OF NEW YORK through its agents, servants and/or employees including but not limited to Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, were aware that probable cause did not exist for the arrest and detention of the Plaintiff CLAUDIO ESPAILLAT and that said arrest, search and detention were unlawful and without justification or excuse.

10. Upon information and belief in all of the wrongful acts above alleged, Defendant THE CITY OF NEW YORK through its agents, servants and/or employees including but not limited to Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division

Northern Manhattan, acted without reasonable or probable cause and with malicious intent to arrest, oppress, and injure the Plaintiff CLAUDIO ESPAILLAT and such actions were committed in bad faith.

11. Said false arrest was committed upon Plaintiff, CLAUDIO ESPAILLAT, in part, due to his status as a minority and the bias of the Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, as well as for reasons unknown to Plaintiff CLAUDIO ESPAILLAT at the present time.

12. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff, CLAUDIO ESPAILLAT suffered damage, all of which is in violation of their rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof, and 42 USC 1981, 1983, and 1985 (2) and (3).

13. As a further result of the above-described acts, Plaintiff, CLAUDIO ESPAILLAT, was deprived of his rights and immunities secured to hi      m under the Constitution and laws of the United States and of the State of New York including but not limited to his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

14. As a proximate result of the Defendants' actions, Plaintiff, CLAUDIO ESPAILLAT were greatly humiliated, injured in their reputation, and character, and have suffered great mental anguish and pain, all to Plaintiffs' damage in the sum of ONE MILLION  ($1,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT**

15. Plaintiff CLAUDIO ESPAILLAT repeat and reallege each and every paragraph of this complaint as set forth above and further alleges:

16. Plaintiff CLAUDIO ESPAILLAT was falsely imprisoned from February 5, 2004 to February 6, 2004 by the Defendants, THE CITY OF NEW YORK, through its agents, servants and/or employees, including but not limited to Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, who procured and/or effected said false imprisonment knowing their actions to be wrongful and malicious and without any basis.

17. The Defendants DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, intended to confine Plaintiff CLAUDIO ESPAILLAT and Plaintiff CLAUDIO ESPAILLAT was conscious of the confinement and Plaintiff CLAUDIO ESPAILLAT did not consent to the confinement.

18. The Defendants' words, actions and the charges laid by them were willful, malicious, false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning Plaintiff CLAUDIO ESPAILLAT and damaging Plaintiff CLAUDIO ESPAILLAT in their reputation and depriving them of their liberty.

19. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff, CLAUDIO ESPAILLAT, suffered damage, all of which is in violation of his rights under the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof, and 42 U.S.C. §§1981, 1983, and 1985 (2) and (3).

20. Plaintiff, CLAUDIO ESPAILLAT was injured in his reputation and property by the actions of the aforesaid Defendants in furtherance of the false imprisonment, and Plaintiff CLAUDIO ESPAILLAT was deprived of having and exercising his rights and privileges as a citizen of the United States in violation of 42 U.S.C. §§ 1981, 1983, and 1985 (2) and (3).

21. As a proximate result of the actions of Defendants DETECTIVE ERICKS RODRIGUEZ,

SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, all committed under color of their authority as police officers of Defendant, THE CITY OF NEW YORK, Plaintiff CLAUDIO ESPAILLAT was injured and suffered damage in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS

22. Plaintiff CLAUDIO ESPAILLAT repeats and reallege each and every paragraph of this complaint as set forth above and further alleges:

23. The actions of the Defendants, THE CITY OF NEW YORK, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, in causing Plaintiff, CLAUDIO ESPAILLAT to be arrested falsely, imprisoned, and prosecuted, were effected for the ulterior purpose of causing Plaintiff, CLAUDIO ESPAILLAT to be unlawfully deprived of his liberty and civil rights, to suffer inconvenience, humiliation, shame, embarrassment, damage to his reputation and good name, and to incur legal expenses.

24. The arrest, imprisonment, and prosecution of Plaintiff CLAUDIO ESPAILLAT, by the Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, was wrongful, malicious, willful and without justification or excuse and an abuse of judicial process.

25. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff, CLAUDIO ESPAILLAT suffered damage, all of which is in violation of

his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 USC 1981, 1983, and 1985 (2) and (3).

26. As a further result of the above-described acts, Plaintiff, CLAUDIO ESPAILLAT, was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and of the State of New York including but not limited to his rights under the Fourteenth Amendment to be secure in their person, to be free from punishment without due process, and to equal protection of the laws.

27. By reason of the foregoing, the Plaintiff, CLAUDIO ESPAILLAT, was under color of process, unlawfully deprived of his liberty and civil rights, caused to suffer inconvenience, humiliation, shame and embarrassment, damage to his reputation and good name and was caused to and did incur legal expenses and is thereby damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO SUPERVISE

28. Plaintiff CLAUDIO ESPAILLAT repeats and realleges each and every paragraph of this complaint as set forth above and further alleges:

29. The failure of Defendant, THE CITY OF NEW YORK, to adequately train, supervise, discipline or in any way control the behavior of Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, and other police officers, in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of Defendant THE CITY OF NEW YORK, is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff, CLAUDIO ESPAILLAT. Further, Defendant THE CITY OF NEW YORK exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

30. The failure of the Defendant, THE CITY OF NEW YORK, to train, supervise, discipline or in any other way control the Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO.

04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, and other police officers assigned, in the exercise of their police functions and their failure to enforce the laws of the State of New York and the regulations of the Defendant THE CITY OF NEW YORK, was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including Plaintiff, CLAUDIO ESPAILLAT.

31. It is the policy, custom and practice of the Defendant, THE CITY OF NEW YORK, to (a) inadequately train, supervise, discipline or in any way control the behavior of police officers in their employ; (b) continue to employ police officers and other members of the police force without adequate training, supervision or discipline; (c) make no investigation of charges of inadequate training, supervision or discipline of Defendants, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, and other members of the police force; (d) make no effort to halt and/or discipline police officers charged with these or similar offenses, whether civilly or criminally.

32. All of these policies, customs and practices of the Defendant, THE CITY OF NEW YORK, were a proximate cause of the injuries sustained by Plaintiff CLAUDIO ESPAILLAT.

33. Wherefore, Plaintiff CLAUDIO ESPAILLAT asks that this Court declare the policies, practices and acts complained of as illegal and unconstitutional, and issue an injunction against Defendants to cease and desist from the above described activities.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR PUNITIVE DAMAGES**

34. Plaintiff CLAUDIO ESPAILLAT repeats and realleges each and every paragraph of this complaint and further allege:

35. The acts, conduct, and behavior of Defendants, THE CITY OF NEW YORK and DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN,

SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan, performed each of the them knowingly, intentionally, and maliciously.

36. By reason of the foregoing, Plaintiff CLAUDIO ESPAILLAET is entitled to an award of punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR ATTORNEY'S FEES

37. Plaintiff CLAUDIO ESPAILLAT repeats and realleges each and every paragraph of this complaint and further allege:

38. By reason of the foregoing acts and/or omissions of the Defendants THE CITY OF NEW YORK and DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan in violation of the VIII and XI Amendments of the United States Constitution, Plaintiff CLAUDIO ESPAILLAT has been forced to bring this lawsuit to enforce 42 U.S.C. Section 1983 and as a result thereof has suffered significant economic loss in the form of attorney's fees.

39. Pursuant to 42 U.S.C. Section 1988 Plaintiff CLAUDIO ESPAILLAT is entitled to reasonable attorney's fees as part of the costs.

40. By reason of the foregoing, Plaintiff CLAUDIO ESPAILLAT is entitled to attorneys fees in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff CLAUDIO ESPAILLAT demands judgment jointly and severally against Defendants THE CITY OF NEW YORK, its agents, servants and employees, DETECTIVE ERICKS RODRIGUEZ, SHIELD NO. 04675, SERGEANT KEVIN GOGGIN, SHIELD NO. 2703 and UNDERCOVER OFFICER #7689 of the Narcotics Division Northern Manhattan as follows: On the First Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS, the Second Cause of Action in the amount of ONE MILLION ($1,000,000.00) DOLLARS, the Third Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS, the Fourth Cause of Action for an injunction, the Fifth Cause of Action in the amount of ONE MILLION ($1,000,000.00) DOLLARS and Sixth Cause of Action in the amount of ONE MILLION ($1,000,000.00)

DOLLARS, together with interest, costs and disbursements of this action.

Dated: White Plains, New York
       November 3, 2005

                                                                                                           S/
                                              TRACIE A. SUNDACK & ASSOC., L.L.C.
By: Jeffrey R. Pollack (JP-7575)
Attorneys for Plaintiff
CLAUDIO ESPAILLAT
7 South Broadway, Suite 304
White Plains, New York 10601
(914) 946-8100